UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM LEE ANDERSON,

    Petitioner,

v.                                                              Civil Action No. 1:18cv7
                                                                  (Judge Kleeh)

WARDEN, FCI GILMER,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 12, 2018, the *pro se* petitioner, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his career offender enhanced sentence. ECF No. 1. Along with his petition, Anderson filed a memorandum in support titled "Motion Under § 1651 All Writs Act," a motion to proceed as a pauper, and a copy of his Prisoner Trust Account Report with Ledger Sheets. ECF Nos. 2, 3, 4. By Order entered February 13, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the five-dollar filing fee. ECF No. 7. Petitioner paid the requisite fee on February 26, 2018. ECF No. 9.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 14.

---

[1] Petitioner is presently incarcerated at FCI Florence, in Florence, Colorado.

This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II. **Background**[2]

On March 21, 2012, Petitioner was named in a six-count indictment charging him in Counts One, Two, and Six with Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 812(c); in Counts Three and Seven with Possession with the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 812(c); in Count Four with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 812(c); and in Count Five with Distribution of Cocaine Base Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 812(c), and 860. ECF No. 1.

On June 27, 2012, the Government filed a Notice of Information of Anderson's prior felony convictions. ECF No. 28.

On July 30, 2012, pursuant to a written plea agreement [ECF No. 35], Petitioner pled guilty to Count Seven. ECF No. 36.

At a November 5, 2012 sentencing hearing, Anderson was categorized as a career offender and sentenced to 188 months imprisonment to be followed by 6 years supervised release. ECF No. 46.

---

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket in the United States District Court for the Northern District of West Virginia, available on PACER and unless otherwise indicated, all ECF Numbers are from that case. See United States v. Anderson, 3:12cr28. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On November 15, 2012, Anderson filed a Notice of Appeal. ECF No. 50. On appeal, Anderson's appointed appellate counsel filed an Anders[3] brief on his behalf. On April 26, 2013, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the decision of the district court. ECF No. 61.

By Order entered in this Court on November 5, 2015, this Court's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was denied, because at sentencing, Anderson qualified for a career offender enhancement.[4] See ECF No. 64.

On May 9, 2016, Anderson filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 65.  On July 14, 2016, a Report and Recommendation was entered, recommending that the motion to vacate be denied. ECF No. 69. By Order entered August 1, 2016, the Report and Recommendation was vacated. ECF No. 72.  On October 4, 2016, the Respondent was directed to provide an answer on the limited issue of whether Anderson's untimely motion to vacate was entitled to equitable tolling. ECF No. 74.  After the Government filed its response, on February 23, 2017, Anderson moved to voluntarily dismiss his § 2255 motion.  ECF No. 78.  By Order entered March 7, 2017, the § 2255 motion was dismissed. ECF No. 84.

On December 2, 2019, Anderson moved for a sentence reduction pursuant to the First Step Act of 2018. ECF No. 86. The motion was denied by Order entered March 17, 2020. ECF No. 94. Anderson appealed. ECF No. 95. That appeal is still pending. See United States v. Anderson, (4th Cir. ECF No. 12) (20-6363).

---

[3] Anders v. California, 386 U.S. 738 (1967).

[4] Base level calculations for career offenders are calculated pursuant to U.S.S.G. § 4B1.1. Because his sentence was calculated in part upon his status as a career offender, the 2014 revision to the Drug Quantity Table in § 2D1.1 of the guidelines did not lower his sentencing range; his base offense remained at 34, and with the three-level reduction for acceptance of responsibility, his total offense level remained at 31.

Anderson's expected date of release, with Good Conduct Time, is March 12, 2026.[5]

### III. The Petition

In his petition and memorandum of support, neither of which are a model of clarity, Anderson challenges the predicate convictions for his career offender sentence, arguing that they cannot be used to enhance his sentence because he never received a "Padilla[6] warning" of enhancement prior to sentencing. ECF No. 1 at 5. Further, he challenges the use of a prior state court drug conviction as a "serious drug offense" for purposes of career offender enhancement, because those state charges were "seen by the state as a non-serious case." Id. at 6. Finally, he argues that U.S.S.G.§ 4B1.2 is "ambiguous." Id. In his memorandum in support, he appears to also argue that pursuant to "Pawlak,"[7] the residual clause of U.S.S.G.§ 4B1.2 was found to be void for vagueness, just like Johnson[8] found the Armed Career Criminal Act's ("ACCA") residual clause. ECF No. 2 at 3. Further, he appears to make an unclear argument that under Mathis,[9] he can no be longer a career offender, because his

---

[5] See Bureau of Prison's ("BOP") inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited Aug. 5, 2020).

[6] Padilla v. Kentucky, 559 U.S. 356 (2010) (Holding that a lawyer's failure to advise his/her noncitizen client of the deportation consequences of a guilty plea constitutes deficient performance of counsel in violation of a defendant's Sixth Amendment rights.).

[7] Anderson gives no cite for this case, other than to indicate that it is a 6th Circuit Court of Appeals case. The undersigned presumes that Anderson is referring to United States v. Pawlak, 822 F.3d 902 (6th Cir. May 13, 2016) (Applying the holding in Johnson to the parallel residual clause of the U.S.S.G. and finding that § 4B1.2(a) and finding § 4B1.2(a) was also unconstitutionally vague.). *overruled by* Beckles v. United States, 137 S.Ct. 886 (2017)) (holding that USSG § 4B1.2(a)(2)'s residual clause is not unconstitutional because the Sentencing Guidelines "are not amenable to a vagueness challenge.").

[8] Johnson v. United States, 135 S.Ct. 2551 (2015) (holding that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.).

[9] Mathis v. United States, 136 S.Ct. 2243 (2016). In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990), and thus did not qualify as a crime of violence under the ACCA.

4

predicate convictions had "elements and therefore, must be submitted to Grand Judy and indicted prior to conviction[.]" Id. at 2.

Anderson left much of his Court-approved form petition blank, including the questions regarding whether he had exhausted his administrative remedies before filing suit (id. at 7 – 8], and the question regarding why his remedy by way of § 2255 was inadequate or ineffective to test the legality of his detention. Id. at 9.

As relief, Anderson requests that his "illegal" career offender enhancement be removed. ECF No. 1 at 8.

### IV. Standard of Review

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal

5

construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

**C. Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. However, the law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nonetheless, § 2255(e) does provide a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added); see also United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely . . . because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge

6

to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333 - 34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No.

7

5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), *aff'd*, 573 F.App'x. 268 (4th Cir. 2014).

## V. Analysis

Although Petitioner fails to raise the savings clause, it is clear that he is not entitled to its application. As previously noted, Anderson's sentence was based on the guidelines applicable to career offenders.[10] Because Anderson is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Anderson met the first, second,[11] and third prongs of Wheeler,

---

[10] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

[11] Anderson also impliedly contends that pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. ECF No. 2 at 2. Contrary to Anderson's argument, district courts in this Circuit and elsewhere have held that Mathis does *not* represent a substantive change in the law. See, *e.g.*, Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv- 347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were – just the facts ,which ACCA(so we have held, over and over) does not care about.

136 S.Ct. at 2557.

In short, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W.Va. Feb. 16, 2018), *report and recommendation adopted*, No. CV 1:17-03730, 2018 WL 1404279 (S.D. W.Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactively applicable on collateral review, so Walker cannot proceed under § 2241).

he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker,[12] when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[13] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that

---

[12] United States v. Booker, 543 U.S. 220 (2005)(holding that the formerly-mandatory USSG, as they had been applied since 1987, violated the Sixth Amendment right to trial by jury.).

[13] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

provision." Id. at 716. Because Anderson was sentenced in 2012 under the post-Booker advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Anderson cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

Further, Petitioner's claim that his predicate convictions could not be used to enhance his sentence because he did not receive a "Padilla warning" from the Court, prosecutor, or defense counsel about the possibility of his prior convictions being used as predicates to enhance his sentence is unavailing. Padilla held that an ineffective assistance of counsel claim under the Sixth Amendment could be based on the failure to inform a criminal defendant of the immigration consequences of a criminal conviction before entering into a plea agreement. Petitioner is not an alien, thus there were no immigration consequences to the entry of his plea. Moreover, a review of Petitioner's underlying criminal docket reveals that on June 27, 2019, over a month before Petitioner entered his plea, the Government filed a Notice of Information regarding Petitioner's prior felony convictions, so Petitioner was well aware of the likelihood of his sentence being enhanced before he entered his plea.

Finally, Petitioner's reliance on Pawlak is misplaced; Petitioner was convicted in the Fourth Circuit and Pawlak is not Fourth Circuit law; moreover, as noted *supra*, Pawlak was

10

overruled by Beckles in 2017, which held that the residual clause of USSG 4B1.2(a)(2) is not unconstitutional, because the sentencing guidelines are "not amenable to a vagueness challenge."

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DISMISSED without prejudice**.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner at his last known address as reflected on the docket.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

DATED: August 12, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE