IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM LEE ANDERSON,**

    **Petitioner,**

v.                              Civ. Action No.1:18-CV-7
                                          (Kleeh)

**WARDEN, FCI GILMER,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19], AND
DISMISSING PETITION [DKT. NO. 1] AS MOOT**

On January 12, 2018, *pro se* Petitioner, William Lee Anderson, ("Anderson" or "Petitioner"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 challenging the legality of his career offender enhanced sentence [Dkt. No. 1]. At the time of the filing, Petitioner was incarcerated at FCI Gilmer. Petitioner filed a memorandum in support titled "Motion Under § 1651 All Writs Motion," a motion to proceed as a pauper, and a copy of his Prisoner Trust Account Report with Ledger Sheets. [Dkt. Nos. 2, 3, 4]. By order entered February 13, 2018, Petitioner Anderson was granted permission to proceed as a pauper and directed to pay the five-dollar filing fee [Dkt. No. 7], which he paid on February 26, 2018 [Dkt. No. 9].

Pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2, the case was referred to the magistrate judge for a

review and report and recommendation ("R&R").  The R&R was issued on August 12, 2020, and recommended that the petition be dismissed without prejudice for lack of jurisdiction [Dkt. No. 19].

The facts of Petitioner's underlying criminal case are detailed in the R&R [Dkt. No. 19 at 2-4].  Petitioner was named in a March 21, 2012, six-count drug distribution Indictment[1] [Dkt. No. 1, Case No. 3:12cr28].  On June 27, 2012, the Government filed a Notice of Information of Anderson's prior felony convictions [Dkt. No. 28, Case No. 3:12cr28], and on July 30, 2012, Petitioner pled guilty to Count Seven of the Indictment pursuant to a written plea agreement [Dkt. Nos. 35, 36, Case No. 3:12cr28].  At Petitioner's November 5, 2012, sentencing hearing, he was categorized as a career offender and sentenced to 188 months imprisonment followed by 6 years of supervised release [Dkt. No. 46, Case No. 3:12cr28].

Anderson appealed the sentence and an Anders[2] brief was filed on his behalf [Dkt. No. 50, Case No. 3:12cr28].  By unpublished *per curiam* opinion, the Fourth Circuit affirmed the decision of the district court [Dkt. No. 61, Case No. 3:12cr28].  Anderson filed a motion for a sentence reduction pursuant to 18 U.S.C.§

---

[1] The information related to Petitioner's underlying criminal case is taken from the criminal docket in the United States District Court for the Northern District of West Virginia, Case No. 3:12cr28.

[2] Anders v. California, 386 U.S. 738 (1967).

3584(c)(2), which was denied by Order entered on November 5, 2015 [Dkt. No. 64, Case No. 3:12cr28]. Anderson filed a motion to vacate under 28 U.S.C. § 2255 on May 9, 2016, and moved to voluntarily dismiss his motion on February 23, 2017 [Dkt. Nos. 65, 78]. On March 7, 2017, the § 2255 motion was dismissed [Dkt. No. 84, Case No. 3:12cr28].

On December 2, 2019, Anderson moved for a sentence reduction under the First Step Act of 2018, and the motion was denied on March 17, 2020 [Dkt. Nos. 86, 94]. Anderson appealed and on August 19, 2020, the case was remanded to the district court for further proceedings [Dkt. No. 105, Case No. 3:12cr28]. Notices of supplemental authority supporting the motion were filed on Anderson's behalf [Dkt. Nos. 106, 112, 114, Case No. 3:12cr28], and on February 17, 2021, an Order was entered granting Petitioner's motion for sentence reduction with a judgment of time served and 6 years supervised release [Dkt. No. 115, Case No. 3:12cr28]. Petitioner was released from custody and his supervision commenced on February 23, 2021 [Dkt. No. 118, Case No. 3:12cr28].

With the § 2241 petition, Anderson challenged his predicate convictions for his career offender sentence, and requested that his "illegal" career offender enhancement be removed [Dkt. No. 1]. The magistrate judge found the petition under § 2241 to be improper because Petitioner challenged the validity of his sentence rather

than its execution [Dkt. No. 19 at 6-11].  Because Petitioner could not satisfy the savings clause provision of § 2255 for his claim to be considered under § 2241, the magistrate judge recommended that the Petition be dismissed without prejudice [Id. at 11].

The R&R states that "any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 19 at 11].  It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" [Id.].  Petitioner accepted service of the R&R on August 12, 2020 [Dkt. No. 20].  No objections were filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial

Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The Court is under no obligation to conduct a de novo review and the R&R was reviewed for clear error.  Finding no clear error, the Court **ADOPTS the R&R** [Dkt. No. 19] except to the extent that it recommends the dismissal be without prejudice.  Petitioner is no longer in federal custody as he was released on standard conditions by Order entered on February 17, 2021, in Case No. 3:12cr28.  Because this Court lacks jurisdiction to consider the Petition, Anderson's Petition [Dkt. No. 1] is now moot and is **DISMISSED WITH PREJUDICE**.

The Court further **DIRECTS** the Clerk to **STRIKE** this matter from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested, at the last known address as shown on the docket.

**DATED**: March 31, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE